# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:15-cv-00131-GCM

| | |
|---|---|
| VIRGIL WINGO, ERVIN WINGO, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) ORDER |
| UNION COUNTY SHERIFF'S DEPARTMENT, | ) ) ) |
| Defendant. | ) ) |

**THIS MATTER** is before the Court on consideration of Plaintiffs' pro se complaint, filed pursuant to 42 U.S.C. § 1983.

## I. BACKGROUND

On or about March 1, 2012, Plaintiffs were convicted following a jury trial in Union County Superior Court of felony breaking and/or entering, breaking or entering a motor vehicle, felony larceny and misdemeanor larceny. Plaintiffs appealed to the North Carolina Court of Appeals which summarized the evidence presented as follows:

> In November of 2010, Mr. Oliver Nelson Dale was driving past a farm owned by his half-brother, Mr. William Chad Summerlin, when he noticed a truck he did not recognize backed up to a barn on the property. Mr. Dale and Mr. Summerlin were in business together restoring and reselling various items, and they stored some of the items used in this business on Mr. Summerlin's farm. Mr. Dale confronted defendants about being on the land, looked inside defendants' truck and saw items which had been stored at various locations on the farm, including "chains, a big -- a few batteries, car batteries, big surrey for horse and buggy, fairly large items, and then some -- anything that was metal and had some weight to it." Mr. Dale also noticed in defendants' truck several parts from an Opel car on the property, including a steering column, radio, and radiator along with some items which had been stored "inside the porch of the house, the main house." When Mr. Dale confronted defendants

1

> as to why they were there removing items from the property, defendants claimed that "the bank" had them there to clean up the property. Though the farm was for sale, there was no bank involved with it. After a jury trial, defendants were each convicted of felony breaking and or entering, breaking or entering a motor vehicle, felony larceny, and two counts of misdemeanor larceny.

State v. Wingo, 2013 WL 1314764, at *1, 741 S.E.2d 512 (N.C. Ct. App. Apr. 2, 2013) (unpublished table decision).

The court of appeals affirmed Plantiffs' convictions and sentences, save for Virgil Wingo's two misdemeanor larceny convictions. For those convictions, the court arrested judgment and remanded for resentencing after finding that the convictions were committed as part of a continuous transaction and they may have had an impact on his sentence. Id. at *2.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

In their pro se complaint, Plaintiffs contend that they did not receive a fair trial and there was insufficient evidence to sustain their convictions. After a deferential review of the allegations in the complaint, the Court finds that Plaintiffs have failed to state a claim upon which relief may be granted. The complaint names as the lone defendant the Union County Sheriff's Department, but it does not allege any particular allegations against the defendant. Moreover, Plaintiffs' convictions were upheld on appeal save for the two misdemeanor larceny convictions sustained by Virgil Wingo. Lastly, the Union County Sheriff's Department is not a legal entity subject to lawsuit in North Carolina. See Torchia v. Cherokee County Sheriff's Dep't, No. 2:14-cv-00020-MR-DLH, 2015 WL 248280, at *2 (W.D.N.C. Jan. 20, 2015) (collecting cases).[1]

### IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs have failed to state a claim for relief and the complaint will be dismissed. 28 U.S.C. § 1915(A)(b)(1).

**IT IS, THEREFORE, ORDERED** that the motion to proceed *in forma pauperis* is **GRANTED**. (Doc. No. 2).

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED**. (Doc. No. 1).

The Clerk is directed to close this civil case.

**SO ORDERED.**

Signed: April 22, 2015

Graham C. Mullen
United States District Judge

---

[1] Although the complaint does not specifically make a claim for monetary damages, such a claim would be barred in any event by the holding in Heck v. Humphrey, 512 U.S. 477 (1994). While it is true that the court of appeals arrested judgment on Virgil's two misdemeanor larceny convictions, the court upheld all other convictions.